UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| PATRICK ORMOND, | ) |
| Plaintiff, | ) Civil No. 6:23-cv-00176-GFVT |
| v. | ) |
| BRANDY HARM, *et al.*, | ) **MEMORANDUM OPINION** |
| Defendants. | ) **&** |
| | ) **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Patrick Ormond is currently confined at the Northpoint Training Center ("Northpoint") in Burgin, Kentucky. Proceeding without an attorney, Ormond has filed a civil Complaint against Defendants Brandy Harm, Josh Hart, Jared Gibson, Rob Landrum, and Kentucky Department of Corrections ("KDOC") Commissioner Cookie Crews. [R. 1.] By prior Order, the Court granted Mr. Ormond's motion to proceed without prepayment of the filing fee. [R. 6.] Thus, this matter is now before the Court to conduct a preliminary review of Ormond's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

On initial screening, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). The Court evaluates Ormond's complaint under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual

allegations as true, and his legal claims are liberally construed in his favor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Ormond alleges that, while he was housed at the Bell County Forestry Camp ("BCFC") in Pineville, Kentucky, he was unable to attend Catholic Mass, receive Communion, or participate in Confession. [R. 1 at 4.] Apparently, BCFC was unable to obtain a Catholic priest for services. *Id.* Ormond further claims that "they" refused to transfer him to a camp that would allow him to practice his Catholic faith. *Id*. He states that he first brought his concerns to his case manager, who advised him to see the Chaplain. *Id*. When Ormond met with Chaplain Jared Gibson, Gibson allegedly explained that he was unable to find a priest to come to BCFC. *Id*. Ormond then spoke to Deputy Warden Josh Hart, who advised, "[t]hey offer Catholic studies on Mondays and that this is all that is required by law." *Id*. at 4–5.

Mr. Ormond states that he then filed a grievance and requested a transfer to no avail. *Id*. at 5. He appealed the grievance and requested a Grievance Committee hearing. *Id*. However, the Committee found that Ormond is able to practice his religion. The Committee could not accommodate a transfer, even though Ormond claims that BCFC transfers inmates who request a Kosher diet for religious reasons. *Id*. Finally, Mr. Ormond claims that Warden Brandy Harm approached him to "address" the issue. *Id*. She allegedly explained that, although Mr. Ormond has a right to practice his religion, BCFC doesn't have a priest to come perform mass. *Id*.

Based upon these allegations, Ormond sues various Defendants for violating his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc – 2000cc-5 ("RLUIPA").[1] *Id*. at 6. His brings claims against Harm in her individual and official capacities. *Id*. at 2. He sues the other Defendants (Hart, Gibson,

---

[1] Ormond's First Amendment claim is brought pursuant to 42 U.S.C. § 1983, which provides a civil action for the deprivation of an individual's rights secured by the United States Constitution. *See* 42 U.S.C. § 1983.

2

Landrum, and Crews) in their official capacities only.  *Id*.  Mr. Ormond requests monetary damages and an injunction ordering that he be transferred.  *Id*. at 7.  The Court has reviewed the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, and will dismiss the action for failure to state a claim.

First, Mr. Ormond may not recover monetary damages from the official capacity Defendants.  An "official capacity" claim against a government official is not a claim against the officer arising out of their conduct as a government employee; rather it is a claim against the governmental agency that employs them.  *Lambert v. Hartman*, 517 F.3d 433, 439–40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted).  Thus, Ormond's "official capacity" claims against BCFC officials and the KDOC Commissioner are construed as claims against the KDOC, the agency that employs these Defendants.

However, the Eleventh Amendment to the United States Constitution prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages against a state, its agencies, and state officials sued in their official capacities.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Brent v. Wayne Co. Dep't of Hum. Servs.*, 901 F.3d 656, 681 (6th Cir. 2018).  Moreover, as an agency of the Commonwealth of Kentucky, *see* Ky. Rev. Stat. § 12.250, the KDOC is not subject to suit in federal court under § 1983.  Such entities are also not suable "persons" within the meaning of 42 U.S.C. § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981); *Kanuszewski v. Mich. Dep't of Health &*

*Hum. Servs.*, 927 F.3d 396, 417 n.11 (6th Cir. 2019). For these reasons, Ormond may not recover monetary damages from Defendants sued in their "official" capacities.

Ormond additionally seeks injunctive relief in the form of an Order directing that he be transferred from the BCFC. While the Eleventh Amendment bars suits against the States and their respective entities, an exception exists for claims of prospective injunctive relief. *See, e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (citing *Kentucky v. Graham,* 473 U.S. 159, 167, n.14 (1985); *Ex parte Young,* 209 U.S. 123, 159–160 (1908)); *see also Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009).

However, Ormond has now been transferred to a different facility. [R. 8.] While a claim for money damages may survive beyond an inmate plaintiff's transfer from one facility to another, an inmate's claim for declaratory or injunctive relief becomes moot when he is transferred away from the institution where the underlying complaint arose. *See, e.g.*, *Heyward v. Cooper*, 88 F.4th 648, 656–57 (6th Cir. 2023); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("However, to the extent [the plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that [allegedly violated his constitutional rights.]"). In this case, Ormond has been granted the declaratory relief he requests, as he has been transferred away from the BCFC. Thus, because Ormond cannot recover monetary damages with respect to his official capacity claims, and because his request for injunctive relief is moot, these claims must be dismissed.

Finally, Ormond brings RLUIPA and First Amendment claims against Harm in her individual capacity. He seeks money damages and injunctive relief in the form of a transfer.

With respect to his request for monetary damages, it has long been held that the RLUIPA does not permit claims for money damages against prison officials sued in their individual capacities; rather, it permits a plaintiff to seek only injunctive and declaratory relief against the officers in their official capacities (that is, against the state, county, or city government that employs them). *Haight v. Thompson*, 763 F.3d 554, 568–69 (6th Cir. 2014). *See also Heyward*, 88 F.4th at 656 ("RLUIPA doesn't permit money-damages claims against state prison officials in their individual capacities."); *Cavin v. Michigan Dep't of Corr.*, 927 F.3d 455, 460 (6th Cir. 2019) ("Although [RLUIPA] provides a cause of action by which an individual may "obtain appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), it does not authorize monetary judgments against officials in their individual capacities."). And, as previously discussed, Ormond's request for injunctive relief is moot in light of his transfer to Northpoint. Thus, he does not state a claim against Harm in her individual capacity for which RLUIPA provides relief.

With respect to Ormond's First Amendment claim against Harm, a defendant's personal liability in an action brought pursuant to § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Dodson*, 454 U.S. at 325–26. Federal notice pleading requires that, at a minimum, the complaint advise each defendant of what he allegedly did (or did not do) that forms the basis of the plaintiff's claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights . . . ." *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Ormond states that Harm responded to his grievance by informing him that, although he has the right to practice his Catholic faith, prison officials had not been able to find a priest to come to BCFC to conduct Mass. [R. 1 at 5.] This is not a sufficient basis for a §1983 claim against Harm; prison officials are not liable under § 1983 for denying or failing to act on grievances. *Grinter*, 532 F.3d at 576. *See also Nwaebo*, 100 F. App'x at 369 (citing *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999)). Nor is Harm's supervisory status as Warden a sufficient basis to pursue a § 1983 claim against her, as *respondeat superior* is not an available theory of liability. *Dodson*, 454 U.S. at 325–26. *See also Iqbal*, 556 U.S. at 677 ("In a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer."). Thus, Ormond's allegations are insufficient to state a constitutional claim for which relief may be granted against Harm.

For all of these reasons, the allegations of Ormond's complaint are insufficient to state a claim for the relief that he seeks. Accordingly, his complaint will be dismissed.

For these reasons, the Court hereby **ORDERS** as follows:

1. Ormond's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**;

2. Judgment will be entered contemporaneously herewith; and

3. This case is **CLOSED** and **STRICKEN** from the docket.

This the 11th day of July, 2024.

Gregory F. Van Tatenhove
United States District Judge

6